UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GARY MANUEL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00300-LEW |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION ON
## DEFENDANTS' MOTIONS TO DISMISS

In this action, Plaintiff seeks monetary damages and injunctive relief against the State of Maine (the State), and the City of Bangor, certain Bangor police officers, and the Bangor police and fire departments (collectively, the Bangor Defendants) for an alleged conspiracy against Plaintiff and his family. Plaintiff alleges Defendants' conduct resulted in the death of his adult son, Peter Manuel. (Complaint, ECF No. 1.)

The matter is before the Court on Defendants' motions to dismiss. (Motions, ECF Nos. 5, 6.) The State of Maine contends Plaintiff has failed to assert an actionable claim against the State. The State also contends Plaintiff's claim is barred by the immunity afforded by the Eleventh Amendment of the United States Constitution. The Bangor Defendants challenge Plaintiff's ability to assert a claim on behalf of his deceased son, and argue Plaintiff's allegations are too vague to state an actionable claim.

Following a review of the complaint and the parties' written arguments, I recommend the Court grant the motions to dismiss.

## BACKGROUND

The following facts are derived from Plaintiff's complaint and are accepted as true for purposes of evaluating the pending motions to dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

Plaintiff and Eunice Manuel, are the parents of Athea, Maverick, and Peter Manuel. Plaintiff alleges Defendants have retaliated against him and his family members because Plaintiff previously filed several lawsuits against Defendants.[1] Plaintiff contends Defendants deprived Plaintiff and his family of certain benefits, opportunities and property.

Plaintiff also alleges that Defendants unfairly treated his son, Peter, and as a result, are responsible for Peter's death. Plaintiff asserts that in the early morning hours of March 2, 2018, near a nightclub in Bangor, members of the Bangor Police Department, without probable cause, chased Peter into the Kenduskeag Stream, where he lost his life by drowning or exposure to the elements. (Complaint, ECF No. 1, at 17.) Plaintiff alleges the incident is the culmination of a long history of oppression directed at his family. (*Id.*)

---

[1] In 2009, Plaintiff and Eunice Manuel filed an action in this Court in which they alleged the State of Maine, the City of Bangor, the administrators of various public programs, state and federal, and certain private entities involved in providing public services, were responsible for difficulties the Manuel family experienced in connection with their efforts to obtain housing and related services. In 2010, the Court granted judgment for the defendants. *Manuel v. Bangor*, No. 1:09-cv-339. In 2011, Plaintiff filed a habeas petition in this Court in connection with a conviction for operating a motor vehicle without a license. The Court dismissed the petition. *Manuel v. Maine*, No. 1:11-cv-222. Also in 2011, Plaintiff alleged that Bangor discriminated against his family in its administration of the general assistance program. The Court dismissed the action, based in part on res judicata and in part on Plaintiff's failure to state a claim. *Manuel v. City of Bangor General Assistance*, No. 1:11-cv-357.

Plaintiff cites numerous statutes and constitutional amendments as the bases for his claim. (Complaint at 12 – 13.)

## DISCUSSION

### A. Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To overcome the motion, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.*

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Failure to State a Claim

The State and the Bangor Defendants contend Plaintiff has failed to state an actionable claim. In response to Defendants' motions, Plaintiff argues he has asserted a claim that Defendants conspired to deprive Plaintiff of constitutional rights, specifically, rights under the First Amendment, Fourth Amendment, and the Fourteenth Amendment, made actionable pursuant to 42 U.S.C. § 1983. (Opposition to Motion to Dismiss, ECF No. 8, at 4.) Plaintiff also argues that the City of Bangor is liable under the Maine Tort Claims Act because the harms inflicted by the police department occurred pursuant to negligent operation of vehicles, machinery, and equipment. (*Id.*)

#### 1. Federal Civil Rights Statute

Title 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. …

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights

4

secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

The State of Maine is not a person for purposes of section 1983 and, consequently, Plaintiff has failed to state a section 1983 claim against the State. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64, 71 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").

The remaining defendants would be proper defendants to a section 1983 claim. As explained below, however, Plaintiff has not alleged facts to state a claim for deprivation of a federal right.

### a. First Amendment

The First Amendment prohibits a government actor from retaliating against a citizen based on the citizen's exercise of rights protected under the First Amendment. *Gericke v. Begin*, 753 F.3d 1, 6 (1st Cir. 2014). "In a section 1983 claim of retaliatory … activity, a plaintiff must prove that [his] conduct was constitutionally protected and was a substantial or motivating factor for the retaliatory decision …." *Id.* (internal quotation marks and citation omitted).

Evidently, Plaintiff maintains that the events of March 2, 2018, were the product of animus arising from Plaintiff's litigation activity on behalf of the Manuel family. Plaintiff's allegations, however, are conclusory and are insufficient to support an actionable claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (a complaint fails to state

a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.")

### b. Fourth Amendment

The Fourth Amendment prohibits unreasonable searches and seizures, and provides that no warrant shall issue except on a showing of "probable cause, supported by oath or affirmation." U.S. Const. amend. IV. Plaintiff apparently contends that Peter Manuel was subjected to false arrest or excessive force. To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff has not asserted any facts that would support a false arrest or excessive force claim.

### c. Fourteenth Amendment

The Fourteenth Amendment's Equal Protection Clause prohibits municipalities and municipal officials from "treating similarly situated persons differently because of their classification in a particular group." *Mulero-Carrillo v. Roman-Hernandez*, 790 F.3d 99, 105 – 106 (1st Cir. 2015), *cert. denied,* 136 S. Ct. 808 (2016). Generally, to state an equal protection claim, a plaintiff must allege facts that support a plausible inference that "compared with others similarly situated, the plaintiff was selectively treated based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Id.* at 106 (quoting *Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp.*, 246 F.3d 1,

7 (1st Cir. 2001)). Plaintiff's complaint lacks any facts that would support a claim of bias on any basis.

### d. Conspiracy

In support of his conspiracy claim, Plaintiff cites 42 U.S.C. §§ 1985 and 1986 in his complaint. (Complaint at 4.) Title 42 U.S.C. §§ 1985(3) and 1986 prohibit conspiracies to deprive one or more persons of the equal protection of the laws. The statutes also authorize civil rights actions against the conspirators and persons with knowledge of and power to prevent or aid in preventing such a conspiracy who fail to act. "In order to demonstrate the existence of a conspiracy under § 1985, a plaintiff must prove that the conspiracy was motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus," and "that the conspiracy was aimed at interfering with protected rights." *Maymi v. Puerto Rico Ports Auth.*, 515 F.3d 20, 30 (1st Cir. 2008) (internal quotation marks omitted). As explained above, Plaintiff has failed to allege facts that would support an equal protection claim. Plaintiff's conspiracy claim thus necessarily fails.

### 2. Fair Housing Act

The Fair Housing Act prohibits discrimination in the sale or rental of a dwelling, or in the terms, conditions, or privileges of sale or rental, or in the provision of services or facilities in connection with a dwelling, because of a handicap. 42 U.S.C. § 3604(f). The Act "contemplates three types of claims for perceived discrimination: disparate treatment, disparate impact, and failure to make reasonable accommodations." *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 62, 66 (1st Cir. 2010) (internal

quotation marks omitted). In addition, the Act makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, … any right granted or protected by section … 3604 … of this title." 42 U.S.C. § 3617. Plaintiff's has failed to allege sufficient facts to support a housing discrimination claim.

### 3. Disability law

Plaintiff also references federal disability law in his complaint. (Complaint at 7, 12.) A disability claim can arise from an interaction between a person with a disability and members of law enforcement. *Buchanan v. Maine*, 469 F.3d 158, 173 (1st Cir. 2006). *See*, *e.g.*, *Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014) (citing *Waller ex rel. Estate of Hunt v. City of Danville*, 556 F.3d 171, 174 (4th Cir. 2009); *Gohier v. Enright*, 186 F.3d 1216, 1220–21 (10th Cir. 1999)). Plaintiff has not alleged any facts that would support a finding that the interaction between the Bangor Defendants and Peter Manuel, or any other member of Plaintiff's family, was informed or influenced in any way by a disability of a family member. [2]

### 4. Federal Criminal Statutes

Plaintiff cites various provisions of federal criminal law. To the extent Plaintiff seeks to institute criminal proceedings, Plaintiff does not have standing to pursue criminal charges against Defendants. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to

---

[2] To the extent Plaintiff intended to assert a claim pursuant to another federal statute or the Constitution, Plaintiff has similarly failed to assert any facts that would support such a claim.

8

prosecute a case"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002).

### 5. Racketeering

"The Racketeer Influenced and Corrupt Organizations Act …, 18 U.S.C. §§ 1961–1968, provides a private right of action for treble damages to '[a]ny person injured in his business or property by reason of a violation' of the Act's criminal prohibitions." *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 641 (2008) (citing 18 U.S.C. § 1964(c)). Plaintiff's complaint does not identify any racketeering activity or associated harm.

### 6. Federal Tort Claims Act

Plaintiff cites the Federal Tort Claim Act in his complaint. (Complaint at 4.) Because Defendants are not federal officers, the Federal Tort Claim Act is not applicable. 28 U.S.C. §§ 2671, 2675.

### 7. Wrongful Death and the Maine Tort Claims Act

The caption of Plaintiff's complaint asserts a claim for wrongful death.[3] Plaintiff also cites the Maine Tort Claims Act in his complaint. (Complaint at 22.) Given that Plaintiff has not stated a claim within this Court's federal question jurisdiction, and given the lack of any apparent basis for the exercise of diversity jurisdiction, the Court lacks jurisdiction to consider Plaintiff's state law claim(s). 28 U.S.C. §§ 1331, 1332, 1367.

---

[3] Unless Plaintiff is the personal representative of his son's estate, he cannot maintain an action concerning the alleged wrongful death of his son. 18-A M.R.S. § 2-804(b).

9

## C. Eleventh Amendment Immunity

The State argues in the alternative that even if Plaintiff's complaint is construed to assert sufficient facts to support a federal claim against the State, the State is immune from suit in this Court under the Eleventh Amendment of the United States Constitution. "Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). The State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment."). Plaintiff, therefore, cannot prevail in federal court on federal claims asserted against the State, absent waiver of immunity. [4] Plaintiff has not alleged any facts that would support a finding of waiver.

---

[4] Eleventh Amendment immunity may be waived by a state in some circumstances. For example, states that participate in certain federal programs through which they accept federal funds may by such conduct waive immunity under the Eleventh Amendment to causes of action expressly authorized by Congress in the context of such programs. *See*, *e.g.*, *Lebron v. Commonwealth of Puerto Rico*, 770 F.3d 25, 32 (1st Cir. 2014) (providing as examples the Individuals with Disabilities in Education Act and the Rehabilitation Act). *See also Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("The mere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State of a system of public aid is not sufficient to establish consent on the part of the State to be sued in the federal courts.").

## CONCLUSION

Based on the foregoing discussion, I recommend that the Court grant the State's Motion to Dismiss (ECF No. 5) and the Bangor Defendants' Motion to Dismiss (ECF No. 6).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of November, 2018.